

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 4, 2009                      **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| JOEL C. ARNOLD, § | |
|     Debtor. § | CASE NO. 07-41733-DML-13 |
| § | |

## MEMORANDUM OPINION

Before the court is the Objection to Claim (the "Objection") filed by the above-named Debtor objecting to proof of claim number 8-1 (the "Claim") filed in this chapter 13 case by the Texas Attorney General (the "AG") in the amount of $6,793.57. The court conducted a hearing on the Objection on January 15, 2009 (the "Hearing")[1] and at that time received evidence in the

---

[1] At the Hearing the AG first argued that the order confirming Debtor's plan made the issues raised in the Objection res judicata. The court, however, understands that the AG agreed that the court could consider those issues if a proper showing under Fed. R. Bankr. P. 9024 (incorporating F.R. Civ. P. 60(b)) were made and that Debtor's counsel had made such a showing. Hearing transcript pp. 7-8, 24-25.

Memorandum Opinion – Page 1

form of exhibits[2] and the testimony of Debtor Joel C. Arnold and Tammy C. Arnold ("Mrs. Arnold").

The Objection is subject to the court's core jurisdiction. 28 U.S.C. §§ 1334 and 157(b)(2)(B). This memorandum opinion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 9014 and 7052.

**Discussion**

The Claim was filed by the AG on behalf of Mrs. Arnold to recover arrearages of child support owed by Debtor pursuant to the Temporary Order of the 415th District Court of Parker County, Texas (the "Order" and the "State Court").[3] The Order was entered by the State Court on June 22, 2006. In December of 2007, Mrs. Arnold sought the AG's assistance in enforcing the Order against Debtor.

The parties agree that Debtor paid some monthly payments directly to Mrs. Arnold between entry of the Order and December 2007. The parties further agree that Debtor has timely made through the AG all payments due under the Order from January 2008 forward.[4] The

---

2    The AG objected to Debtor's exhibits because Debtor had not complied with local rules requiring the giving of notice of exhibits. The court overruled that objection. Additionally, the AG, did not comply with the local rules respecting its exhibits either. Further, without exhibits the court would be hobbled in deciding this matter. Finally, Debtor's key exhibits (1, 8 and 10) would have been admissible in rebuttal to the AG's case.

3    Debtor's Ex. 12. The Order provides for payment by Debtor to Mrs. Arnold of a monthly lump sum of, initially, $830 and, after four months, $640, representing both child and spousal support. Order, p. 12. The Order appears to be at odds with the transcript of the underlying hearing before the State Court (Debtor's Ex. 13) in which, at p. 10, the State Court directs, after the fourth month, payment of $610 per month. The court does not here address either that discrepancy or whether it was proper for the AG to pursue payment of spousal support (as opposed to child support) on behalf of Mrs. Arnold. Likewise, the court does not address any other obligations of the parties under the Order or any off-set rights of Debtor arising by reason of the maturity of the parties' oldest child.

4    It is not clear whether Debtor made – or contends that he made – the December, 2007, payment. In the absence of evidence clearly establishing that payment, the court finds Debtor did not make a payment, either directly or through the AG, for December, 2007.

dispute between Debtor and Mrs. Arnold (and, on her behalf, the AG) concerns payments from July of 2006 through July of 2007. There is no evidence before the court that Debtor paid anything to Mrs. Arnold from August of 2007 through November of that year. Thus, as with the December, 2007 payment, the court finds the Claim should be allowed for payments that were due for those four months. Together with the payment for December of 2007, that means Debtor missed payments totaling $3,200.[5]

With regard to the payments for July of 2006 through July of 2007, Debtor presented documentary evidence of payments for eight months (Debtor's Ex. 1-11). He testified that the five other monthly payments during that period were made as well but that his records were lost in a move (Hearing transcript p. 16).

Mrs. Arnold testified that she did "not recall getting" Debtor's Ex. 1, a personal check (Hearing transcript p. 46). She also testified she did not receive Debtor's Ex. 10, a cashier's check payable to Mrs. Arnold in the amount of $300 (Hearing transcript p. 55). Otherwise, for each item evidenced by Debtor's exhibits, Mrs. Arnold testified that, when she sought the AG's assistance in enforcing the Order, she gave Debtor credit. See AG's Ex. 1.[6] Mrs. Arnold testified she received no payments required by the Order from Debtor other than those reflected on AG's Ex. 1. Her testimony therefore contradicts Debtor's.

Thus, the question before the court is whether or not Debtor transmitted Debtor's Ex. 1 and 10 to Mrs. Arnold and whether he made the payments for which no documentary evidence is

---

5     It appears from AG Ex. 1 that interest may be due on some or all of this amount.

6     As discussed below, there is a significant discrepancy between the date of Debtor's Ex. 8 (a cashier's check) and the date for which Mrs. Arnold credited it.

Memorandum Opinion – Page 3

before the court but which he testified he made. For the reasons hereafter stated, the court finds that Debtor made all payments as he testified.

The Claim, like any proof of claim, constitutes prima facie evidence of its own validity and amount. Fed. R. Bankr. P. 3001(f); 9 Collier on Bankruptcy-15th Edition Rev. ¶ 3001.09[1] (2007); 3 Norton Bankr. L. & Prac. 3d § 48:18 (2009). The party objecting to a claim has the burden of producing evidence of at least equal weight to overcome the claim's prima facie validity. 9 Collier on Bankruptcy-15th Edition Rev. ¶ 3001.09[2] (2007); 3 Norton Bankr. L. & Prac. 3d § 48:18 (2009). Once that burden is met, the burden of proof respecting the Claim and the Objection falls on the party whose burden it would be in a non-bankruptcy context. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000); *McGee v. O'Connor*, 153 F.3d 258, 260-261 (5th Cir.1998).

In the case at bar, the parties agreed during the Hearing that the burden of proof in a claim for child support arrearages ordinarily falls on the claimant. Hearing transcript p. 44. However, because payment – i.e. satisfaction – is an affirmative defense (*see* Tex. R. Civ. P. 94; *Escalante v. Luckie*, 77 S.W.3d 410 (Tex. App. Eastland 2002)), the burden of showing he has paid all or part of what is covered by the Claim is on Debtor. *See* Tex. R. Civ. P. 95. The burden Debtor must meet is a showing by a preponderance of the evidence. *See* Tex. R. Civ. P. 94; *Boswell v. Pannell*, 107 Tex. 433, 180 S.W. 593, 595 (1915). As the Supreme Court has stated, the burden of proving a fact by a preponderance of the evidence places equal risk of error on both parties. *Santosky v. Kramer*, 455 U.S. 745 (U.S. 1982).

In the case at bar, the court considers both Debtor and Mrs. Arnold credible witnesses. However, the court questions Mrs. Arnold's testimony that she never received Debtor's Ex. 10.

As that is a cashier's check made out in her name, the court finds Mrs. Arnold did, in fact, as testified by Debtor, receive the check. Similarly, as testified by Debtor, the court finds that Mrs. Arnold received Debtor's Ex. 8, also a cashier's check, near the time of its issuance (March 30, 2007). The court does not consider it credible that Mrs. Arnold would have held Debtor's Ex. 8 for 30 days. The court thus finds that AG Ex. 1 does not account for Debtor's Ex. 8 and that Mrs. Arnold's credit for a payment on April 30, 2007, refers to a payment with no corresponding exhibit offered by Debtor.

Given these apparent discrepancies in Mrs. Arnold's records and testimony and given Mrs. Arnold's lack of certainty (e.g., she "did not recall getting" Debtor's Ex. 1) in some of her testimony, the court has greater confidence in Debtor's than in Mrs. Arnold's testimony. It therefore finds that the weight of the evidence favors Debtor. While the court would prefer in such a case having complete documentary evidence, and while the court does not accept that Debtor could not have produced better evidence of payment,[7] on the record before it the court holds that Debtor has met his burden of proof.

Accordingly, the Claim will be allowed in the amount of $3,200 plus interest and otherwise disallowed. The Objection is to such extent sustained. Counsel for Debtor and the AG are directed to prepare and submit an order reflecting the court's determination, including, as appropriate, properly calculated interest. If counsel to the parties are unable to agree on an order (including the proper interest calculation), each party shall submit its own proposed order.

# # # # END OF MEMORANDUM OPINION # # # #

---

7   Some of Debtor's payments to Mrs. Arnold were by money order and could be difficult to document. However, evidence could have been presented that Mrs. Arnold cashed the checks she was given, and checks not still in Debtor's possession (and so not offered) could be proven through bank copies.